Robert C. RODENBECK, et al., Plaintiffs,

v.

The STATE OF INDIANA, LEAKING UNDERGROUND STORAGE TANK DIVISION OF the DEPARTMENT OF ENVIRONMENTAL MANAGEMENT, Defendant.

Civ. No. F88–307.

United States District Court, N.D. Indiana, Fort Wayne Division.

July 19, 1990.

See also, 742 F.Supp. 1448.

Max E. Hobbs, Fort Wayne, Ind., Jacqueline A. Simmons and L. Alan Whaley, Ice Miller Donadio & Ryan, Indianapolis, Ind., for plaintiffs.

Kimberlie Antrim Forgey, Deputy Atty. Gen., Indianapolis, Ind., for State of Ind.

## ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court on motion to dismiss filed by defendant State of Indiana, Leaking Underground Storage Tank Division of the Department of Environmental Management. The parties have fully briefed the issues. For the following reasons, the motion to dismiss will be granted.

In deciding a motion to dismiss for failure to state a claim, this court must take the well pleaded factual allegations of the plaintiff's complaint as true. *Ashbrook v. Hoffman,* 617 F.2d 474 (7th Cir.1980). The complaint must be considered in the light most favorable to the plaintiff and every doubt must be resolved in the plaintiff's favor. *Henry C. Beck Co. v. Fort Wayne Structural Steel,* 701 F.2d 1221 (7th Cir. 1983). Dismissal is improper "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Strauss v. City of Chicago,* 760 F.2d 765, 767 (7th Cir.1985) (quoting *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Nonetheless, a complaint "must state either direct or inferential allegations concerning all of the material elements necessary for recovery under the relevant legal theory." *Papapetropoulous v. Milwaukee Transport Services,* 795 F.2d 591, 594 (7th Cir.1986). "The heavy costs of modern federal litigation ... counsel against launching the parties into pretrial discovery if there is no reasonable prospect that the plaintiff can make out a cause of action from the events narrated in the complaint." *Sutliff, Inc. v. Donovan Companies, Inc.,* 727 F.2d 648, 654 (7th Cir.1984).

Following these principles, the facts, as pleaded by the plaintiffs and relevant to this motion, appear to be as follows. Plaintiffs are the owners of real estate located in Fort Wayne, Indiana. This property had been the site of a gasoline service station for many years. When the station was no longer operating, plaintiffs attempted to sell their property. During the year 1988, plaintiffs had a valid Offer to Purchase secured by earnest money, which Offer to Purchase required that the ground test according to EPA standards. Borings were taken of the ground and test samples sent to laboratories for analysis. The laboratory test showed a substantial amount of contamination of the soil and the prospective purchaser exercised his option to terminate the Agreement to Purchase as a result of that contamination. Subsequent to the laboratory report, the matter was reported to the Leaking Underground Storage Tank Division of the Department of Environmental Management. The Department did further borings and tests and have advised plaintiffs that there is a serious contamination of the soil which will require a substantial clean up, including removal of soil and back pumping because of serious contamination of the ground water at the site and nearby.

Plaintiffs have been advised by professional consultants in contamination problems that before a comprehensive plan of clean up may be accomplished, it is necessary for the defendant to establish a level of clean up. Once a level of clean up is established, then a comprehensive plan may be developed and an attempt may be made to distribute fault among the various parties involved. Until such level of clean up is established by defendant, it is impossible to determine fault.

Plaintiffs allege that as a result of the failure of the Leaking Underground Storage Tank Division program to carry out its duties and responsibilities, the plaintiffs have been unable to sell the real estate, to list the real estate for sale, to obtain financing on the real estate or to operate the real estate in any manner. The plaintiffs assert that the defendant's failure to fulfill its obligations constitutes a deprivation of property in violation of the 14th Amendment of the United States Constitution. As such, the plaintiffs have filed an action under 42 U.S.C. § 1983 seeking damages against defendant. Plaintiffs are also asking the court to declare the rights and obligations of the parties.

Defendant has filed a motion to dismiss the plaintiffs' claim arguing that the Eleventh Amendment of the United States Constitution[1] bars this suit. The defendant has also argued that a State is not a "person" for purposes of § 1983[2] and thus the Department of Environmental Management, Leaking Underground Storage Tank Division, cannot be sued for a violation of § 1983.

■ Plaintiffs contend that defendant's motion to dismiss is premature at this stage of the proceedings and further contend that the defendant is not entitled to Eleventh Amendment immunity in the present case. Plaintiffs cite *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), in support of their assertion that defendant's motion to dismiss is premature. In *Scheuer*, the personal representatives of the estates of three students who died in the Kent State shootings sought damages under 42 U.S.C. § 1983 against various state officials. The district court dismissed the complaints for lack of jurisdiction over the subject matter on the theory that these actions, although in form against the named officials, were, in substance and effect, against the State of Ohio and thus barred by the Eleventh Amendment. The Supreme Court held that:

[P]etitioners allege facts that demonstrate they are seeking to impose individual and personal liability on the *named defendants* for what they claim—but have not yet established by proof—was a deprivation of federal rights by these defendants under color of state law. Whatever the plaintiffs may or may not be able to establish as to the merits of their allegations, their claims, as stated in the complaints, given the favorable

reading required by the Federal Rules of Civil Procedure, are not barred by the Eleventh Amendment. Consequently, the District Court erred in dismissing the complaints for lack of jurisdiction.

94 S.Ct. at 1687 (emphasis in original).

Plaintiffs suggest that the complaint in this action, like the complaint in *Scheuer*, raises certain constitutional questions and that the defendant's Eleventh Amendment immunity should be further explored. However, as defendant points out, plaintiffs have failed to recognize the distinction between a state agency such as the defendant in this suit, which is protected by the Eleventh Amendment, and state officials such as the defendants in *Scheuer*, who may be subject to a lawsuit in federal court. In *Scheuer*, the Supreme Court held that the district court prematurely dismissed the plaintiffs' complaint because it was state officials, rather than a state or state agency, who were the named defendants. In the present case, however, a state agency is the named defendant. Plaintiffs have not provided a competent basis for a finding that defendant's motion to dismiss is premature. Therefore, the court finds that the motion is properly before the court at this time.

■ The Department of Environmental Management is an agency of the State of Indiana[3], and as such, is immune from suit under the Eleventh Amendment. States and their "alter ego" agencies may not be sued in *federal court* directly in their own names either for damages or for declaratory and injunctive relief by virtue of the Eleventh Amendment. The Eleventh Amendment has been interpreted by the Supreme Court to bar suits in federal

---

1. The Eleventh Amendment states as follows:
   The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

2. 42 U.S.C. § 1983 provides as follows:
   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any

rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

3. Plaintiffs have not contested the fact that the defendant, Leaking Underground Storage Tank Division of the Department of Environmental Management, is a state agency.

court by citizens of the defendant state. *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). More recently, in *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), the Supreme Court stated:

> It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. See, e.g., *Florida Dept. of Health and Rehabilitative Services v. Florida Nursing Home Assn.*, 450 U.S. 147, 101 S.Ct. 1032, 67 L.Ed.2d 132 (1981) (per curiam); *Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978) (per curiam). This jurisdictional bar applies regardless of the nature of the relief sought. See, e.g., *Missouri v. Fiske*, 290 U.S. 18, 27, 54 S.Ct. 18, 21, 78 L.Ed. 145 (1933) ("Expressly applying to suits in equity as well as at law, the Amendment necessarily embraces demands for the enforcement of equitable rights and the prosecution of equitable remedies when these are asserted and prosecuted by an individual against a State").

A State's sovereign immunity may be overcome either by the State's unequivocal expression of its consent to be sued, or by the United States Congress' unequivocal expression of its intent to abrogate the State's immunity.

> A sovereign's immunity may be waived, and the Court consistently has held that a State may consent to suit against it in federal court. See, e.g., *Clark v. Barnard*, 108 U.S. 436, 447, 2 S.Ct. 878, 882–883, 27 L.Ed. 780 (1883). We have insisted, however, that the State's consent be unequivocally expressed. See, e.g., *Edelman v. Jordan*, 415 U.S. 651, 673, 94 S.Ct. 1347, 1360–1361, 39 L.Ed.2d 662 (1974). Similarly, although Congress has power with respect to the rights protected by the Fourteenth Amendment to abrogate the Eleventh Amendment immunity, see *Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976), we have required an unequivocal expression of congressional intent to "overturn the constitutionally guaran-

teed immunity of the several States." *Quern v. Jordan*, 440 U.S. 332, 342, 99 S.Ct. 1139, 1146, 59 L.Ed.2d 358 (1979) (holding that 42 U.S.C. § 1983 does not override States' Eleventh Amendment immunity).

*Id.*, 104 S.Ct. at 907.

Although plaintiffs concede that the defendant is a state agency, plaintiffs nevertheless argue that defendant is not entitled to Eleventh Amendment immunity. First, plaintiffs argue that defendant is not entitled to Eleventh Amendment immunity, as to that portion of plaintiffs' complaint seeking declaratory relief, because a judgment against the defendant would not be paid from the State treasury. Plaintiffs rely on *Miller–Davis Co. v. Illinois State Toll Highway Authority*, 567 F.2d 323 (7th Cir. 1977), to support their argument. However, the holding in *Miller–Davis* was significantly narrowed in *Jensen v. State Board of Tax Comm'rs*, 763 F.2d 272 (1985), where the Seventh Circuit stated:

> The County defendants nevertheless argue that the Eleventh Amendment is inapplicable here because the judgment against the State Tax Board defendants does not require payments out of the Indiana state treasury. In support of this argument, they cite *Miller–Davis Co. v. Illinois State Toll Highway Authority*, 567 F.2d 323, 327 (7th Cir.1977), wherein we identified the question of whether a judgment for the plaintiff would require such payments as a "critical" factor in determining whether the Eleventh Amendment applies to a particular state agency. We have never held, however, that this factor alone is dispositive in every case. (Citations and parenthetical omitted).
>
> Nor could we adopt such a narrow approach to the applicability of the Eleventh Amendment consistent with the principles announced by the Supreme Court in *Pennhurst*. Rather, we are required to evaluate more generally whether a suit would interfere with public administration, or otherwise restrain or compel government action. *See Pennhurst*, 104 S.Ct. at 908 & n. 11.... In sum, although the question of whether a

judgment could affect the state treasury is relevant to our Eleventh Amendment inquiry, it does not end that inquiry in a case such as the present one, where the judgment will affect the state in a different but perhaps equally intrusive manner.

*Id.* at 277.

Defendant argues that the declaratory relief which the plaintiffs seek against defendant would constitute an intrusive interference with state policy-making procedure. Defendant contends that a court order requiring the defendant to enact administrative regulations setting either general clean-up levels or a specific clean-up plan for plaintiffs' property would interfere with the State's administration of its programs. It is clear that, applying *Jensen,* the defendant is entitled to Eleventh Amendment immunity because a judgment such as plaintiffs are requesting in the present case will intrude upon the State's regulation and supervision of its underground storage tank program.

Second, plaintiffs argue that under the Supreme Court's holding in *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), the State is not entitled to Eleventh Amendment immunity when the State, by enforcing its own statutes, allegedly deprives an individual of federally protected rights. In *Ex Parte Young* the Supreme Court stated:

> [I]ndividuals, who, as officers of the State, are clothed with some duty in regard to the enforcement of the laws of the State, and who threaten and are about to commence proceedings, either of a civil or criminal nature, to enforce against parties affected an unconstitutional act, violating the Federal Constitution, may be enjoined by a Federal court of equity from such action.

*Id.* at 155–56, 28 S.Ct. at 452. Clearly, *Ex Parte Young* does not negate the State's Eleventh Amendment immunity, but merely prohibits a state official from using the name of the State to enforce a statute which is void because unconstitutional. *See also Pennhurst, supra,* 104 S.Ct. at 908. Even if in the present case the State of Indiana was, by statute, depriving plaintiffs of their constitutional rights, the rule in *Ex Parte Young* would not strip the defendant of its Eleventh Amendment immunity because the named defendant is a state agency, rather than a state official.

■ Third, plaintiffs argue that the State waives its Eleventh Amendment immunity when it voluntarily enters a field under federal regulation. Plaintiffs rely on *Parden v. Terminal Railway of Alabama State Docks Dept.,* 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964) to support their position. However, the Supreme Court explicitly overruled *Parden* in *Welch v. Texas Dept. of Highways & Public Transportation,* 483 U.S. 468, 107 S.Ct. 2941, 2948, 97 L.Ed.2d 389 (1987) and held that an abrogation of the States' Eleventh Amendment immunity by Congress must be expressed in unmistakably clear language and may not be implied from a State's participation in Federal programs. Thus, the court finds that the State of Indiana has not waived its Eleventh Amendment immunity by virtue of participating in federal environmental programs.

■ Finally, plaintiffs argue that Congress abrogated the Eleventh Amendment immunity of all states that participate in the underground storage tank program. The gist of plaintiffs' argument appears to be that since Congress required each State to designate an agency to regulate underground storage tanks, these state agencies are agents of the federal government, through the Environmental Protection Agency, and are thereby subject to suit in this court pursuant to 42 U.S.C. § 6991f(a).

Section 6991f(a) provides as follows:

> Each department, agency, and instrumentality of the executive, legislative, and judicial branches of the Federal Government having jurisdiction over any underground storage tank shall be subject to and comply with all Federal, State, interstate, and local requirements, applicable to such tank, both substantive and procedural, in the same manner, and to the same extent, as any other person is subject to such requirements, including payment of reasonable service charges. Neither the United States, nor any agent, employee, or officer thereof,

shall be immune or exempt from any process or sanction of any State or Federal court with respect to the enforcement of any such injunctive relief.

As noted above, *Welch* requires Congress to make its intention to abrogate the States' Eleventh Amendment immunity unmistakably clear in the language of the statute. See also *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 105 S.Ct. 3142, 3149, 87 L.Ed.2d 171 (1985), where the Supreme Court held that "[a] general authorization for suit in federal court is not the kind of unequivocal statutory language sufficient to abrogate the Eleventh Amendment." A careful reading of 42 U.S.C. § 6991 *et seq.* reveals that there is no "unmistakably clear" language in the statute which would indicate that Congress intended to abrogate the States' Eleventh Amendment immunity. Therefore, § 6991f(a) cannot properly be read to imply that a citizen may sue a state in federal court.

■ On June 7, 1990, plaintiffs filed in open court a supplemental response to the defendant's motion to dismiss. In this supplemental response, plaintiffs claim that the recent Supreme Court decision in *Pennsylvania v. Union Gas Co.*, —— U.S. ——, 109 S.Ct. 2273, 105 L.Ed.2d 1 (1989), supports plaintiffs' position that defendant is not entitled to Eleventh Amendment immunity. In *Union Gas*, the United States sued the Union Gas Co., under § 104 and § 106 of CERCLA, 42 U.S.C. §§ 9604, 9606, to recover the costs of cleaning up a coal tar spill in Pennsylvania. Union Gas had deposited the coal tar, a byproduct of the coal gasification process, near Brodhead Creek in Pennsylvania, alleging that Pennsylvania was at least partially liable for the cost of cleanup due to the State's ownership of easements along the property where the spill occurred, and due to the State of Pennsylvania's actions in releasing coal tar into the creek during its excavation of the creek. Pennsylvania asserted that it was immune from suit under the Eleventh Amendment. After several appeals and remands, the question of a State's Eleventh Amendment immunity in CERCLA actions was presented to the Supreme Court of the United States. In *Union Gas* the Supreme Court found an express abrogation of the Eleventh Amendment in CERCLA cleanup actions:

> The express inclusion of States within the Statute's definition of 'persons', and the plain statement that States are to be considered 'owners or operators' in all but very narrow circumstances, together convey a message of unmistakable clarity: Congress intended that States be liable along with everyone else for cleanup costs recoverable under CERCLA.

*Id.*, 109 S.Ct. at 2278. The basis of the Supreme Court's holding in *Union Gas* is found in § 9601(20)(D) and § 9601(21) of CERCLA. Section 9601(20)(D) provides as follows:

> The term "owner or operator" does not include a unit of State or local government which acquired ownership or control involuntarily through bankruptcy, tax delinquency, abandonment, or other circumstances in which the government involuntarily acquires title by virtue of its function as sovereign. The exclusion provided under this paragraph shall not apply to any State or local government which has caused or contributed to the release or threatened release of a hazardous substance from the facility, and such a State or local government shall be subject to the provisions of this chapter in the same manner and to the same extent, both procedurally and substantively, as any nongovernmental entity, including liability under section 9607 of this title.

Section 9601(21) provides as follows:

> The term "person" means an individual, firm, corporation, association, partnership, consortium, joint venture, commercial entity, United States Government, State, municipality, commission, political subdivision of a State, or any interstate body.

As the foregoing makes clear, a State cannot avail itself of an Eleventh Amendment sovereign immunity defense when sued to recover cleanup costs under CERCLA, and may therefore be held liable for the costs of cleanup of an environmental hazard caused or contributed to by the State.

In the case at bar, however, plaintiffs have not alleged that the defendant herein

has caused or contributed to an environmental hazard and should therefore be held liable for cleanup costs. Rather, plaintiffs have alleged that defendant has violated plaintiffs' civil rights because defendant has not yet established a level of cleanup for plaintiffs' property. As such, plaintiffs have sued defendant under 42 U.S.C. § 1983, the civil rights statute, rather than under 42 U.S.C. § 9601 *et seq.*, the CERCLA statute.

Unlike in the present case, in *Union Gas* the State of Pennsylvania was sued directly under CERCLA. The Court in *Union Gas* did not hold or even imply that Pennsylvania could be held liable under § 1983. The Court clearly only held that Congress intended to override Eleventh Amendment immunity where a State was sued to recover cleanup costs under CERCLA. In fact, the Supreme Court has recently reiterated its position that a State may not be sued under § 1983.

In the recent case of *Will v. Michigan Department of State Police*, — U.S. —, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), the Supreme Court held that a State is not a "person" within the meaning of 42 U.S.C. § 1983. The Court reinforced its ruling in *Quern v. Jordan*, 440 U.S. 332, 59 L.Ed.2d 358 (1979), that Congress had no intention of abrogating or disturbing the States' Eleventh Amendment immunity when it enacted § 1983.

Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity, *Welch v. Texas Department of Highways and Public Transportation*, 483 U.S. 468, —, 107 S.Ct. 2941, —, 97 L.Ed.2d 389 (1987) (plurality opinion), or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity. That Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity and so to alter the Federal-State balance in that respect was made clear in our decision in *Quern.*

*Will*, 109 S.Ct. at 2309. As the plaintiffs have sued the Indiana Department of Environmental Management, Underground Storage Tank Division, under 42 U.S.C. § 1983, their complaint fails to state a claim upon which relief can be granted.

### Conclusion

For the foregoing reasons, defendant State of Indiana Leaking Underground Storage Tank Division of the Department of Environmental Management's motion to dismiss is hereby GRANTED.