Jerry R. MOTT, Plaintiff,

v.

STATE OF INDIANA; Department of Correction; Jack R. Duckworth; Thomas D. Richards; Ron Black; Carl Riddle; and D. Bengert, Defendants.

Civ. No. S91–92.

United States District Court, N.D. Indiana, South Bend Division.

May 8, 1991.

Jerry R. Mott, pro se.

Wayne E. Uhl, Indianapolis, Ind., for defendants.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

On March 19, 1991, plaintiff *pro se*, Jerry R. Mott, an inmate at the Westville Correctional Center, filed a complaint purporting to state a claim under 42 U.S.C. § 1983, and invoking this court's jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(3) and (4). The motion to dismiss filed by defendants on April 10, 1991, demonstrates the necessary compliance with the mandates of *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir.1982). The plaintiff filed a response on April 17, 1991.

Dismissal of a complaint is only proper where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Fromm v. Rosewell*, 771 F.2d 1089, 1091 (7th Cir.1985), *cert. denied*, 475 U.S. 1012, 106 S.Ct. 1188, 89 L.Ed.2d 304 (1986) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957)). *See also Forys v. United Food & Commercial Worker's International Union*, 829 F.2d 603, 606 (7th Cir.1987); and *Pryzina v. Ley*, 813 F.2d 821, 822 (7th Cir.1987). When the court of appeals for this circuit reviews the granting of a motion to dismiss, the well-pleaded factual allegations of the complaint are taken as true. *See Reichenberger v. Pritchard*, 660

F.2d 280 (7th Cir.1981). *See also Harris v. Brock*, 835 F.2d 1190 (7th Cir.1987). Further, when the court of appeals reviews the complaint, only factual allegations will be considered and alleged legal conclusions are not binding upon the court. *Milwaukee v. Saxbe*, 546 F.2d 693, 704 (7th Cir. 1976).

Where a motion to dismiss is filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Fed.R.Civ.P.) and materials outside the motion to dismiss are presented to and not excluded by the court, then the motion to dismiss may be treated as a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. *See First Interstate Bank, N.A. v. Chapman & Cutler*, 837 F.2d 775 (7th Cir.1988); *Cange v. Stotler & Co.*, 826 F.2d 581 (7th Cir.1987); and *Winslow v. Walters*, 815 F.2d 1114 (7th Cir.1987). Thus, where a party moves for dismissal upon the pleadings alone, it will be considered a Rule 12(b)(6) motion for dismissal. However, where a party files a Rule 12(b)(6) motion for dismissal and the court relies on materials outside the pleadings, it will be considered a Rule 56 motion for summary judgment.

■ In their official capacities, each of the state defendants are entitled to immunity for claims for money damages under the Eleventh Amendment to the Constitution of the United States. The Eleventh Amendment states as follows:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

*See Kashani v. Purdue University*, 813 F.2d 843 (7th Cir.), *cert. denied*, 484 U.S. 846, 108 S.Ct. 141, 98 L.Ed.2d 97 (1987); *Owen v. Lash*, 682 F.2d 648 (7th Cir.1982); *Sheets v. Indiana Department of Corrections*, 656 F.Supp. 733 (S.D.Ind.1986). For recent authority consistent with *Kashani*, 813 F.2d at 843, see *Shelton v. Trustees of Indiana University*, 891 F.2d 165 (7th Cir. 1989). *See also Cosby v. Jackson*, 741 F.Supp. 740 (N.D.Ill.1990), and *Rodenbeck v. Indiana, Leaking Underground Storage Tank Div. etc.*, 742 F.Supp. 1442 (N.D.Ind.1990). Any and all damage claims against the defendants in their official capacities are now DISMISSED under the mandates of the Eleventh Amendment of the Constitution.

Under the aforesaid authorities interpreting the Eleventh Amendment of the Constitution of the United States, as well as under *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), the complaint in this case must be DISMISSED as against the State of Indiana and as against the defendants in their official capacities. SO ORDERED.

■ This court, in both of its judicial incarnations, has often spoke of the need for a sense of judicial restraint with reference to attempting to write one's own private value system and predilections into the Fourteenth Amendment of the Constitution of the United States. If this court could model its own perfect world, it would certainly include prisons that are smoke-free as well as a smoke-free society. However, this court does not conceive under the Fourteenth Amendment of the Constitution of the United States and under basic and fundamentally important ideas of federalism that it has a right to read its own views on smoking into the Constitution of the United States. This court has visited this problem with care and in-depth in *Gorman v. Moody*, 710 F.Supp. 1256 (N.D.Ind.1989).

Certainly, within the concepts of federalism, the State of Indiana can create areas in a prison or in other public facilities where smoking is prohibited. However, with specific reference to prisons, the Fourteenth Amendment of the Constitution of the United States does not compel the state to do so. This court is also flattered that its decision in *Gorman*, was followed in *Caldwell v. Quinlan*, 729 F.Supp. 4 (D.D.C.), *aff'd without op.*, 923 F.2d 200 (D.C.Cir.1990). *See also West v. Wright*, 747 F.Supp. 329 (E.D.Va.1990).

Certainly, *McKinney v. Anderson*, 924 F.2d. 1500 (9th Cir.1991), and *Clemmons v. Bohannon*, 918 F.2d 858, *reh'g en banc*

*granted*, 918 F.2d 873 (10th Cir.1990), must command respect, but the factual setting of those cases is cast in a much narrower vein than here. In any event, there is no authority yet established which causes this court to depart from the work that is evident in *Gorman*, 710 F.Supp. at 1256, and there is nothing in this record to convince this court that this plaintiff is asserting a protected constitutional right. In candor, however, this court is very sympathetic with his plight.

 Neither is their evidence of the kind of deliberate indifference that is established in *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), with regard to medical conditions. For examples of where deliberate indifference is shown, see *Musgrove v. Broglin*, 651 F.Supp. 769 (N.D.Ind.1986); and *Burris v. Kirkpatrick*, 649 F.Supp. 740 (N.D.Ind.1986). *See also Goka v. Bobbitt*, 862 F.2d 646, 650 (7th Cir.1988); *Richardson v. Penfold*, 839 F.2d 392, 394–95 (7th Cir.1988).

The Seventh Circuit recently observed that "[i]n order to show 'deliberate indifference,' a plaintiff is required to prove that the prison official's action was deliberate or reckless in the *criminal sense.*" *Santiago v. Lane*, 894 F.2d 218 (7th Cir.1990) (emphasis added) (footnote omitted). The United States Supreme Court has cited the Seventh Circuit's criminal recklessness standard with approval. *Whitley v. Albers*, 475 U.S. 312, 321, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986), *citing Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir.1985), *cert. denied*, 479 U.S. 816, 107 S.Ct. 71, 93 L.Ed.2d 28 (1986). In *Franzen*, the Seventh Circuit noted that punishment under the Eighth Amendment "implies at a minimum actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." 780 F.2d at 653. For the current last word on the subject in this circuit, see *Wilks v. Young*, 897 F.2d 896 (7th Cir.1990). *See also* the insightful analysis of Judge Anderson in *Gomm v. DeLand*, 729 F.Supp. 767 (D.Utah 1990).

■ Certainly, these defendants are also entitled to qualified immunity, since none of the constitutional rights that this plaintiff is arguing for are clearly established under *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), and *Rakovich v. Wade*, 850 F.2d 1180 (7th Cir.), *cert. denied*, 488 U.S. 968, 109 S.Ct. 497, 102 L.Ed.2d 534 (1988). This qualified immunity decision is also specifically supported by *McKinney*, 924 F.2d at 1509. The fact that the Tenth Circuit has now heard oral argument en banc on March 7, 1991, and a decision is forthcoming certainly supports the idea that these rights, whatever they may be, are not clearly established.

The motion to dismiss is GRANTED. Each party will bear its own costs. IT IS SO ORDERED.