**Rufus KILLEN, Plaintiff,**

v.

**Daniel McBRIDE, Andy Pazera, Capt. Vales, Defendants.**

**No. 3:92cv0491.**

United States District Court, N.D. Indiana, South Bend Division.

Dec. 8, 1994.

Rufus Killen, pro se.

Wayne E. Uhl, Office of Indiana Attorney General, Indianapolis, IN, for defendants.

### *MEMORANDUM AND ORDER*

ALLEN SHARP, Chief Judge.

On or about July 30, 1992, *pro se* petitioner, Rufus Killen, an inmate at the Wabash Valley Correctional Institution in Carlisle, Indiana, filed a complaint purporting to state a claim under 42 U.S.C. § 1983, and invoking this court's federal question subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(3). The motion for summary judgment filed by the defendants on October 20, 1994, demonstrates the necessary compliance with the mandates of *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir.1982). Affidavits and memorandum in opposition were filed by this plaintiff on November 21, 1994. The case appears to be ripe for ruling.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *Russo v. Health, Welfare & Pension Fund, Local 705,* 984 F.2d 762 (7th Cir.1993).

A thorough discussion of Rule 56 by the Supreme Court of the United States can be found in a trilogy of cases decided in 1986. *See, Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct.

1348, 89 L.Ed.2d 538 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)[1]; and *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). *Celotex* addressed the initial burdens of the parties under Rule 56, and *Anderson* addressed the standards under which the record is to be analyzed within the structure of Rule 56.

The initial burden is on the moving party to demonstrate, "with or without supporting affidavits," the absence of a genuine issue of material fact and that judgment as a matter of law should be granted in the moving party's favor. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553 (quoting Fed.R.Civ.P. 56). A material question of fact is a question which will be outcome determinative of an issue in the case. The Supreme Court has instructed that the facts material in a specific case shall be determined by the substantive law controlling the given case or issue. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510.

Once the moving party has met the initial burden, the opposing party must "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine [material] issue for trial.'" *Id.* The nonmoving party cannot rest on its pleadings, *Hughes v. Joliet Correctional Center,* 931 F.2d 425, 428 (7th Cir.1991), or upon conclusory allegations in affidavits. *Cusson–Cobb v. O'Lessker,* 953 F.2d 1079, 1081 (7th Cir.1992). "The days are gone, if they ever existed, when the nonmoving party could sit back and simply poke holes in the moving party's summary judgment motion." *Fitzpatrick v. Catholic Bishop of Chicago,* 916 F.2d 1254, 1256 (7th Cir.1990).

During its analysis, this court must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Brennan v. Daley,* 929 F.2d 346, 348 (7th Cir.1991). Furthermore, it is required to analyze summary judgment motions under the standard of proof relevant to the case or issue. *Anderson,* 477 U.S. at 252–255, 106 S.Ct. at 2512–2514.

---

1. For the judicial epilogue of *Celotex,* see *Catrett v. Johns–Manville Sales Corp.,* 826 F.2d 33

(D.C.Cir.1987), *cert. denied,* 484 U.S. 1066, 108 S.Ct. 1028, 98 L.Ed.2d 992 (1988).

The 1986 Supreme Court trilogy was recently re-examined in *Eastman Kodak v. Image Technical Services,* 504 U.S. 451, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992), a case born in the context of antitrust law. The most that can be said for *Kodak* is that it did not tinker with *Celotex* and *Anderson,* and possibly involves an attempt to clarify *Matsushita.* This view is well supported by an in-depth academic analysis in Schwarzer, Hirsch, and Barrans, *The Analysis and Decision of Summary Judgment Motions,* 139 F.R.D. 441 (1992). *See also Pries v. Honda,* 31 F.3d 543 (7th Cir.1994).

Although this plaintiff is now housed at the Wabash Valley Correctional Institution in Carlisle, Indiana, he was formerly an inmate at the Westville Correctional Center in Westville, Indiana in this district, and it is in that setting that these claims are made. The plaintiff seeks damages against the defendants in their official capacities in the sum of $4,150.00.

■ In their official capacities, each of the state defendants are entitled to immunity for claims for money damages under the Eleventh Amendment to the Constitution of the United States. The Eleventh Amendment states as follows:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

*See Kashani v. Purdue University,* 813 F.2d 843 (7th Cir.), *cert. denied,* 484 U.S. 846, 108 S.Ct. 141, 98 L.Ed.2d 97 (1987); *Owen v. Lash,* 682 F.2d 648 (7th Cir.1982); *Sheets v. Indiana Department of Corrections,* 656 F.Supp. 733 (S.D.Ind.1986). For recent authority consistent with *Kashani,* 813 F.2d at 843, see *Shelton v. Trustees of Indiana University,* 891 F.2d 165 (7th Cir.1989). *See also Crosetto v. State Bar of Wisconsin,* 12 F.3d 1396 (7th Cir.1993); *Kroll v. Board of Trustees of the University of Illinois,* 934 F.2d 904 (7th Cir.1991); *Cosby v. Jackson,* 741 F.Supp. 740 (N.D.Ill.1990), and *Rodenbeck v. Indiana, Leaking Underground Storage Tank Div. etc.,* 742 F.Supp. 1442 (N.D.Ind. 1990). Any and all damage claims against the defendants in their official capacities are now DISMISSED under the mandates of the Eleventh Amendment of the Constitution. It is perfectly possible that this discussion could end now, since it is certainly arguable that this plaintiff is only seeking money damages against these defendants in their official capacities. If that is the case, then the Eleventh Amendment completely precludes any judgment for money damages against these defendants in their official capacities.

■ While at the Westville Correctional Center, this plaintiff was housed for a time in the segregation unit. On or about May 19, 1992, he reached through the bars of his cell and stabbed another inmate who was being escorted past the plaintiff's cell. He was found guilty by a Conduct Adjustment Board (CAB) of the crime of battery. It is alleged that this plaintiff also made threats against the segregation unit staff. Based on those facts on May 20, 1992, this plaintiff was placed in a cell with a shield or bubble over the front to prevent him from reaching or throwing objects through the bars. Two days later, he struck his cell mate in the right eye. The shield or bubble cell is designed to allow adequate ventilation. Inmates in the segregation unit are allowed only one set of clothing at a time and clothing is exchanged for laundry clothing three times a week. Inmates in the segregation unit are offered the opportunity to shower three times a week. During his stay in the shield cell, this plaintiff received four showers.

Inmates in segregation have regular access to medical care and are afforded an opportunity to clean their cells daily. The toilets in cells can only be flushed by an officer from outside the cell at the request of the inmate in the cell. These requests are normally honored. There has been a consent decree with reference to a number of conditions at the Westville Correctional Center. This plaintiff was moved to a cell without a shield on May 28, 1992. Therefore, he was in the so-called bubble cell for eight days.

In the interest of caution, this court will deal further with this case. Since the plaintiff is *pro se,* this court has its obligations under *Haines v. Kerner,* 404 U.S. 519, 92

S.Ct. 594, 30 L.Ed.2d 652 (1972). *See also Smith v. Fairman*, 862 F.2d 630 (7th Cir. 1988), *cert. denied*, 490 U.S. 1008, 109 S.Ct. 1645, 104 L.Ed.2d 160 (1989); and *Cain v. Lane*, 857 F.2d 1139 (7th Cir.1988). This concept was explicated by Justice Stevens in a most common sense way in *McNeil v. United States*, 508 U.S. 106, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993), as follows:

> It is no doubt true that there are cases in which a litigant proceeding without counsel may make a fatal procedural error, but the risk that a lawyer will be unable to understand the exhaustion requirement is virtually nonexistent. Our rules of procedure are based on the assumption that litigation is normally conducted by lawyers. While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed, see *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), and have held that some procedural rules must give way because of the unique circumstance of incarceration, see *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (pro se prisoner's notice of appeal deemed filed at time of delivery to prison authorities), we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. As we have noted before, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver*, 447 U.S. 807, 826, 100 S.Ct. 2486, 2497, 65 L.Ed.2d 532 (1980).

Under the Eighth Amendment of the Constitution of the United States, there is now an extensive judicial gloss labeled deliberate indifference, which first saw the judicial light of day in *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The most recent pronouncement thereon by the Supreme Court of the United States is in *Farmer v. Brennan*, —— U.S. ——, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), which has generated discussion in the Court of Appeals in *DelRaine v. Williford*, 32 F.3d 1024 (7th Cir.1994). *See also Sellers v. Henman*, 41 F.3d 1100 (7th Cir.1994). In *Sellers*, it is of no small moment that Chief Judge Posner cited *McGill v. Duckworth*, 944 F.2d 344 (7th Cir.1991), *cert. denied*, 503 U.S. 907, 112 S.Ct. 1265, 117 L.Ed.2d 493 (1992), and *Duckworth v. Franzen*, 780 F.2d 645 (7th Cir.1985), *cert. den.*, 479 U.S. 816, 107 S.Ct. 71, 93 L.Ed.2d 28 (1986). Certainly, *Helling v. McKinney*, 509 U.S. 25, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993), requires conditions of confinement cases to be measured by this evolutionary concept of deliberate indifference. This court knows something about conditions of confinement cases. *Hendrix v. Faulkner*, 525 F.Supp. 435 (N.D.Ind.1981), *aff'd in part, rev'd in part and rem. sub. nom. Wellman v. Faulkner*, 715 F.2d 269 (7th Cir.1983), *cert. denied*, 468 U.S. 1217, 104 S.Ct. 3587, 82 L.Ed.2d 885 (1984). This case is not a conditions of confinement case that even approaches the deliberate indifference standards of *Helling* and *Farmer*. There is no constitutional violation here even arguably under deliberate indifference.

■ The decisional law is clear that there must be individual participation and involvement by a defendant, and that the concept of respondeat superior cannot be the basis of a claim under § 1983. *See Monell v. Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Rascon v. Hardiman*, 803 F.2d 269 (7th Cir.1986); *Wellman v. Faulkner*, 715 F.2d 269 (7th Cir.1983), *cert. denied*, 468 U.S. 1217, 104 S.Ct. 3587, 82 L.Ed.2d 885 (1984); *Duncan v. Duckworth*, 644 F.2d 653 (7th Cir.1981); and *Adams v. Pate*, 445 F.2d 105 (7th Cir.1971). *See also Sulie v. Duckworth*, 583 F.Supp. 995 (N.D.Ind.1984), *aff'd*, 767 F.2d 924 (7th Cir. 1985). It does not appear that any of these defendants were directly involved in the moving of this plaintiff into the so-called bubble cell. For that reason alone, this case can be dismissed as to those defendants.

For all of these reasons, these defendants are entitled to summary judgments. Summary judgment is **GRANTED** for the defendants and against the plaintiff. Each party

will bear its own costs. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**